UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO.: 6:18-CV-231-KKC

UNITED STATES OF AMERICA                              PLAINTIFF


VS:              ANSWER, COUNTERCLAIM AND CROSS-CLAIM
                   OF CUMBERLAND SECURITY BANK, INC.


LOGAN EVERETT VIERS;
CUMBERLAND SECURITY BANK,
INC.; DEERE & COMPANY;
GATEWAY ONE LENDING & FINANCE;            DEFENDANTS

AND

CUMBERLAND SECURITY BANK, INC.        THIRD PARTY PLAINTIFF


VS:                   THIRD PARTY COMPLAINT


JAMES ALLEN GIRDLER                   THIRD PARTY DEFENDANT

* * * * * * * * * *

Comes now the Defendant, Cumberland Security Bank, Inc. ("CSB"), and for its Answer, Counterclaim, Cross-Claim and Third Party Complaint, states and alleges as follows:

## ANSWER

1.   The Complaint fails to state a claim against CSB upon which relief can be granted and therefore should be dismissed.

2.   CSB states that it is without knowledge and information sufficient to form a belief as to the truth of the averments contained Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10 and 12 of the

1

Complaint and therefore denies the same.

3. CSB admits the averments contained in Paragraph 8 and 11 of the Complaint.

4. CSB affirmatively asserts its interest in the chattel property which is more specifically described as "Feeder Cattle" as set forth in Paragraph 8 of the Complaint.

5. CSB denies all remaining averments contained in the Complaint not heretofore specifically admitted.

<u>COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY COMPLAINT</u>

1. The defendant, CSB, is a banking institution licensed to do business under the laws of the Commonwealth of Kentucky, with its principal place of business being 107 Main Street South, Somerset, Kentucky 42501.

2. That on January 14, 2015, the defendant, Logan Everett Viers ("Viers"), executed Promissory Notes with CSB in order to borrow the sum of $75,218.42. That on January 25, 2016, the defendant, Viers, renewed the above-described Promissory Note and executed a Renewal Note. That on February 23, 2018, the defendant, Viers, executed a Change in Terms Agreement with CSB again renewing the afore-referenced Note.

3. That under the Change in Terms Agreement, the defendant, Viers, was to make one payment to CSB of principal and interest on August 22, 2018. Said Defendant is in default under the terms of the Notes in that he has failed to make payment to CSB. Copies of said Notes are attached hereto as Exhibits A, B

2

and C.

4.    That in order to secure payment of said Notes, the defendant, Viers, gave to CSB a security interest in feeder cattle evidenced by said Promissory Notes and a UCC I Financing Statement filed with the Kentucky Secretary of State's Office on January 14, 2015.  A copy of said UCC I is attached hereto as Exhibit D.

5.    That as of September 11, 2018, the total sum of $27,180.14 is owed by the defendant, Viers, to CSB plus interest thereon at the rate of 6.79% per annum until paid in full.

6.    That CSB should be adjudged to have a first lien against the above referenced feeder cattle in accordance with the filing of its UCC I.    Further, the Court should order that possession of said feeder cattle be given to CSB for sale to satisfy its lien herein pursuant to KRS Chapter 355.

7.    That should the sale of the above referenced feeder cattle be insufficient to satisfy the judgment granted herein, that the defendant, Logan Everett Viers, be adjudged liable to this defendant for any deficiency.

8.    That to further secure payment of the sums owed under the afore-referenced Notes, and to entice CSB to loan the sums to Viers, the defendant, James Allen Girdler ("Girdler"), executed a Commercial Guaranty guaranteeing payment of said Notes.  A copy of said Guaranty is attached as Exhibit E.

9.    As a result of Viers' default referenced above, Girdler should be held jointly and severally liable with Logan Everett Viers for the total amount owed to CSB referenced in Paragraph 5

3

above.

10. That this defendant should be granted its costs incurred in this action including a reasonable attorney's fee.

WHEREFORE, the defendant/Third Party Plaintiff, Cumberland Security Bank, Inc., respectfully demands judgment as follows:

1. Judgment against the defendants, Logan Everett Viers and James Allen Girdler, jointly and severally, in the amount of $27,180.14 as of September 11, 2018, plus interest thereon at the rate of 6.79% per annum until paid in full.

2. That this defendant/Third Party Plaintiff be adjudged to have a first lien on the feeder cattle referenced above.

3. That Viers be ordered to turn possession of the feeder cattle over to CSB for sale pursuant to KRS Chapter 355 and the net sale proceeds be applied to the above referenced judgment amount.

4. That CSB be awarded its costs expended in this action including a reasonable attorney's fee as provided for in the respective loan documents.

5. That CSB be granted any and all other legal and equitable relief to which it may be deemed entitled.

Respectfully submitted,

JEFFERY K. TIPTON
TIPTON AND TIPTON
404 ROY KIDD AVENUE
P.O. DRAWER 1284
CORBIN, KY 40702
TELEPHONE:   (606) 528-1166
tnt@tiptonandtipton.com

4

CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing was this $\underline{24}$ day of September, 2018, deposited in the United States mail, postage prepaid, addressed for delivery to the following:

1.   Hon. Robert M. Duncan, Jr., United States Attorney, Hon. Thomas Lee Gentry, Assistant United States Attorney, 260 West Vine Street, Suite 300, Lexington, Kentucky 40507-1671;

2.   Logan Everett Viers, 195 Old Salts Road, Somerset, Kentucky 42503;

3.   James Allen Girdler, 3350 East Highway 452, Eubank, Kentucky 42567;

4.   Deere & Company, c/o Officer, One John Deere Place, Moline, Illinois 61265;

5.   Gateway One Lending & Finance, c/o Officer, ATTN: Payoff Department, 160 N. Riverview Drive, Suite 100, Anaheim, California 92808.

JEFFERY R. TIPTON

5



**Cumberland**
SECURITY BANK
*working life better*

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 57823 | LOGAN E. VIERS | 573234 | 01/14/15 | WBW-464110 |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $75,218.42 | Not Applicable | 6.090% | 01/14/16 | Agricultural |

Creditor Use Only

## PROMISSORY NOTE
(Agricultural - Single Advance)

**DATE AND PARTIES.** The date of this Promissory Note (Note) is January 14, 2015. The parties and their addresses are:

**LENDER:**
CUMBERLAND SECURITY BANK
107 S. Main St
Somerset, KY 42501
Telephone: (606) 679-9361

**BORROWER:**
LOGAN E. VIERS
5186 EAST HWY 635
SCIENCE HILL, KY 42553

**1. DEFINITIONS.** As used in this Note, the terms have the following meanings:

**A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

**B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.** Rates and rate change limitations are expressed as annualized percentages.

**G. Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

**2. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $75,218.42 (Principal) plus interest from January 14, 2015 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

**3. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of 6.090 percent (Interest Rate).

**A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by state or federal law, whichever is greater. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

**C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Kentucky usury laws under Ky. Rev. Stat. Ann. Ch. 286, Subtitle 6.

**D. Accrual.** Interest accrues using an Actual/365 days counting method.

**4. ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

**A. Nonrefundable Fees and Charges.** The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.
Credit Report. A(n) Credit Report fee of $9.42 payable from the loan proceeds.
Document Preparation. A(n) Document Preparation fee of $199.00 payable from the loan proceeds.
UCC Recording. A(n) UCC Recording fee of $10.00 payable from the loan proceeds.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than 15 days late, I will be charged 5.000 percent of the Amount of Payment or $250.00, whichever is less. I will pay this late charge promptly but only once for each late payment.

**6. GOVERNING AGREEMENT.** This Note is further governed by the Commercial Loan Agreement executed between you and me as a part of this Loan, as modified, amended or supplemented. The Commercial Loan Agreement states the terms and conditions of this Note, including the terms and conditions under which the maturity of this Note may be accelerated. When I sign this Note, I represent to you that I have reviewed and am in compliance with the terms contained in the Commercial Loan Agreement.

**7. PAYMENT.** I agree to pay this Note in a single payment of all unpaid Principal and accrued interest on January 14, 2016.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

**8. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**9. LOAN PURPOSE.** The purpose of this Loan is to purchase cattle.

**10. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Commercial Loan And Security Agreement - LOGAN E. VIERS | LOGAN E. VIERS |

**11. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable. However, if I am in default under this Agreement, I may not sell any Products that are farm products or inventory derived from farm products even in the ordinary course of business.

**12. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

LOGAN E. VIERS
Kentucky Promissory Note
KY/4CMCCRARE00000000000676015N

Wolters Kluwer Financial Services ©1996, 2015 Bankers Systems™

Initials ____
Page 1

EXHIBIT A
Pag 1

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

(7) I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**13. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**14. APPLICABLE LAW.** This Note is governed by the laws of Kentucky, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Kentucky, unless otherwise required by law.

**15. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**16. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or conform to any limitations of Regulations Z and X that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**17. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**18. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**19. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**20. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**21. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

_____  Date _1/14/15_
LOGAN E. VIERS
Individually

**LENDER:**

Cumberland Security Bank

By_____  Date _1-14-15_
Ben Wilburn, Vice President

EXHIBIT A
pg 7



**Cumberland**
SECURITY BANK

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 57823 | LOGAN E. VIERS | 873234 | 01/25/16 | WBW-464110 |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $75,218.42 | Not Applicable | 6.590% | 08/25/16 | Agricultural |
| | | Creditor Use Only | | |

## PROMISSORY NOTE
(Agricultural - Single Advance)
RENEWAL NOTE

**DATE AND PARTIES.** The date of this Promissory Note (Note) is January 25, 2016. The parties and their addresses are:

**LENDER:**
CUMBERLAND SECURITY BANK
107 S. Main St
Somerset, KY 42501
Telephone: (606) 679-9361

**BORROWER:**
LOGAN E. VIERS
5186 EAST HWY 635
SCIENCE HILL, KY 42553

**1. DEFINITIONS.** As used in this Note, the terms have the following meanings:

**A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

**B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.** Rates and rate change limitations are expressed as annualized percentages.

**G. Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

**2. RENEWAL.** This Note is a renewal of the following described note:

| Note Date | Note Number | Note Amount |
|---|---|---|
| January 14, 2015 | # 57823 | $75,218.42 |

I have requested that the note listed in the table above be renewed. The remaining balance of the note listed in the table above is $75,218.42.

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $75,218.42 (Principal) plus interest from January 25, 2016 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of 6.590 percent (Interest Rate).

**A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by state or federal law, whichever is greater. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

**C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Kentucky usury laws under Ky. Rev. Stat. Ann. Ch. 286, Subtitle 6.

**D. Accrual.** Interest accrues using an Actual/365 days counting method.

**5. ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

**A. Nonrefundable Fees and Charges.** The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.
Credit Report. A(n) Credit Report fee of $20.79 payable from separate funds on or before today's date.
Document Preparation. A(n) Document Preparation fee of $250.00 payable from separate funds on or before today's date.

**6. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than 15 days late, I will be charged 5.000 percent of the Amount of Payment or $250.00, whichever is less. I will pay this late charge promptly but only once for each late payment.

**7. GOVERNING AGREEMENT.** This Note is further governed by the Commercial Loan Agreement executed between you and me as a part of this Loan, as modified, amended or supplemented. The Commercial Loan Agreement states the terms and conditions of this Note, including the terms and conditions under which the maturity of this Note may be accelerated. When I sign this Note, I represent to you that I have reviewed and am in compliance with the terms contained in the Commercial Loan Agreement.

**8. PAYMENT.** I agree to pay this Note in a single payment of all unpaid Principal and accrued interest on June 25, 2016.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

**9. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**10. LOAN PURPOSE.** The purpose of this Loan is Renewal of Note #57823; Orginally to purchase cattle.

**11. SECURITY.** The Loan is secured by previously executed, separate security instruments, including the following:  See UCC Filing Filed 01/14/2015 File #2015-2745866-75; Feeder Cattle.

**12. GUARANTY.** A Guaranty, dated January 25, 2016, from JAMES ALLEN GIRDLER (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty.

LOGAN E. VIERS
Kentucky Promissory Note                                                                                     Initials _____
KY/4KBLANTON0000000000009765013N        Wolters Kluwer Financial Services ©1996, 2016 Bankers Systems™        Page 1

EXHIBIT B
Page 1

**13. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**14. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable. However, if I am in default under this Agreement, I may not sell any Products that are farm products or inventory derived from farm products even in the ordinary course of business.

**15. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

(7) I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**16. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**17. APPLICABLE LAW.** This Note is governed by the laws of Kentucky, the United States of America, and to the extent required, the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Kentucky, unless otherwise required by law.

**18. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**19. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**20. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**21. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**22. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**23. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**24. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

_(signature)_ _____ Date _1-25-16_

LOGAN E. VIERS

LENDER:

Cumberland Security Bank

By _(signature)_ _____ Date _1-25-16_
Ben Wilburn, Vice President

LOGAN E. VIERS
Kentucky Promissory Note
KY/4KBLANTON00000000009766013N

Wolters Kluwer Financial Services ©1996, 2016 Bankers Systems™

Initials ____
Page 2

EXHIBIT B
page 2



# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $25,000.00 | 02-23-2018 | 08-22-2018 | 57823 | | 673234 | WBW | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** LOGAN E. VIERS
5186 EAST HWY 635
SCIENCE HILL, KY 42553

**Lender:** CUMBERLAND SECURITY BANK
Main Office
107 S. Main Street
Somerset, KY 42501
(606) 679-9361

**Principal Amount: $25,000.00** **Interest Rate: 6.790%** **Date of Agreement: February 23, 2018**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** Original Note Date of January, 14,2015.----Promissory Note Number 57823----Original Note Amount $75,218.42.

X **DESCRIPTION OF COLLATERAL.** See UCC Filing Dated 01/14/2015. File Number 2015-2745856-75; Feeder Cattle.

**DESCRIPTION OF CHANGE IN TERMS.** Renewal of Note Number 57823.

**PROMISE TO PAY.** **LOGAN E. VIERS ("Borrower") promises to pay to CUMBERLAND SECURITY BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twenty-five Thousand & 00/100 Dollars ($25,000.00), together with interest on the unpaid principal balance from February 23, 2018, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 6.790%, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT.** **Borrower will pay this loan in one principal payment of $25,000.00 plus interest on August 22, 2018. This payment due on August 22, 2018, will be for all principal and all accrued interest not yet paid. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest as shown on the most recent statement or bill provided to Borrower (if no statement or bill has been provided for any reason, it shall be applied to the unpaid interest accrued since the last payment); then to principal; then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. All payments must be made in U.S. dollars and must be received by Lender consistent with any written payment instructions provided by Lender. If a payment is made consistent with Lender's payment instructions but received after 4:00 PM Eastern Time, Lender will credit Borrower's payment on the next business day.**

**INTEREST CALCULATION METHOD.** **Interest on this loan is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this loan is computed using this method.**

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Agreement, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: CUMBERLAND SECURITY BANK, 107 S. Main Street Somerset, KY 42501.**

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged **5.000% of the regularly scheduled payment or $250.00, whichever is less.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Agreement will continue to accrue interest at the interest rate under this Agreement.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness

EXHIBIT C
page 1



## CHANGE IN TERMS AGREEMENT
**Loan No: 57823**                    **(Continued)**                                        **Page 2**

evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Agreement and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Kentucky without regard to its conflicts of law provisions. This Agreement has been accepted by Lender in the Commonwealth of Kentucky.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Pulaski County, Commonwealth of Kentucky.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $30.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Agreement is secured by the following collateral described in the security instrument listed herein: collateral described in a Commercial Security Agreement dated February 23, 2018.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**STATUTORY AUTHORITY.** The amount assessed or collected on this note is authorized by the Kentucky usury laws under Ky. Rev. Stat. Ann. Ch. 286, Subtitle 6.

**PRIOR NOTE.** Current Note Balance $25,000.00.

**SUCCESSORS AND ASSIGNS.** Subject to any limitations stated in this Agreement on transfer of Borrower's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Collateral becomes vested in a person other than Borrower, Lender, without notice to Borrower, may deal with Borrower's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Borrower from the obligations of this Agreement or liability under the Indebtedness.

**MISCELLANEOUS PROVISIONS.** If any part of this Agreement cannot be enforced, this fact will not affect the rest of the Agreement. Lender may delay or forgo enforcing any of its rights or remedies under this Agreement without losing them. Borrower and any other person who signs, guarantees or endorses this Agreement, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Agreement, and unless otherwise expressly stated in writing, no party who signs this Agreement, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Agreement are joint and several.

**PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.**

BORROWER:

X _____
**LOGAN E. VIERS**

EXHIBIT C
pg. 1



**Loan No: 57923**

## CHANGE IN TERMS AGREEMENT
### (Continued)

**Page 3**

LENDER:

**CUMBERLAND SECURITY BANK**

X_____
 Ben Wilburn, Vice President

LaserPro, Ver. 17.4.21.006 Copr. D + H USA Corporation 1997, 2018.  All Rights Reserved.   - KY  C:\CMI\CFI\LPL\D20C.FC  TR-1867  PR-19

EXHIBIT C
page 2

## Revised Article 9 UCC Search

## UCC Search Results

| File amendment to this UCC | Return to search form |

**File number:** 2015-2745856-75
**Filing date:** 1/14/2015 4:28:40 PM
**Lapse date:** 1/14/2020 4:28:40 PM
**Status:** A - Active

### ACTIONS

| Action | File Date | Status |
|---|---|---|
| Initial financing Statement | 1/14/2015 4:28:40 PM | Active - Filed online |

### NAMES

| Debtor/Secured Party/Filer | Date Added | Address |
|---|---|---|
| Debtor<br>LOGAN E. VIERS | 1/14/2015 4:28:40 PM | 5186 EAST HWY 635<br>SCIENCE HILL KY 42553 |
| Secured Party<br>Cumberland Security Bank | 1/14/2015 4:28:40 PM | 107 S. Main St<br>Somerset KY 42501 |
| Filer<br>Cumberland Security Bank | 1/14/2015 4:28:40 PM | 107 S. Main St<br>Somerset KY 42501 |

### COLLATERAL DESCRIPTION

| Date Filed | Collateral Description |
|---|---|
| 1/14/2015 4:28:40 PM | Feeder Cattle |

### IMAGES

| Document Type | PDF | Tiff Image File Date | Pages |
|---|---|---|---|
| UCC Filing - Initial financing Statement | PDF | 1/14/2015 4:28:40 PM | 1 |

EXHIBIT D
page 1

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|

| B. E-MAIL CONTACT AT FILER (optional) |
|---|

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Loan Servicing, Cumberland Security Bank
PO Box 70
Somerset, Kentucky 42502

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| VIERS | LOGAN | E. | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 5186 EAST HWY 635 | SCIENCE HILL | KY | 42553 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME: (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| Cumberland Security Bank |

| **OR** 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 107 S. Main St | Somerset | KY | 42501 | USA |

4. COLLATERAL: This financing statement covers the following collateral: Feeder Cattle

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:

ACKNOWLEDGMENT COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)     Wolters Kluwer Financial Services UCC-1-0713 1/30/2013

EXHIBIT D page 2





# COMMERCIAL GUARANTY

**Borrower:**   LOGAN E. VIERS
              5186 EAST HWY 635
              SCIENCE HILL, KY  42553

**Lender:**   CUMBERLAND SECURITY BANK
           Main Office
           107 S. Main Street
           Somerset, KY  42501
           (606) 679-9361

**Guarantor:**   JAMES ALLEN GIRDLER
               3350 EAST HWY 452
               EUBANK, KY  42567

**GUARANTEE OF PAYMENT AND PERFORMANCE.** For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents.

**INDEBTEDNESS.** The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all debts, liabilities and obligations that Borrower individually or collectively or interchangeably with others, owes or will owe Lender under the Note and Related Documents and any renewals, extensions, modifications, refinancings, consolidations and substitutions of the Note and Related Documents.

If Lender presently holds one or more guaranties, or hereafter receives additional guaranties from Guarantor, Lender's rights under all guaranties shall be cumulative. This Guaranty shall not (unless specifically provided below to the contrary) affect or invalidate any such other guaranties. Guarantor's liability will be Guarantor's aggregate liability under the terms of this Guaranty and any such other unterminated guaranties.

**DURATION OF GUARANTY.** This Guaranty will take effect when received by Lender without the necessity of any acceptance by Lender, or any notice to Guarantor or to Borrower, and will continue in full force until all the Indebtedness shall have been fully and finally paid and satisfied and all of Guarantor's other obligations under this Guaranty shall have been performed in full. Release of any other guarantor or termination of any other guaranty of the Indebtedness shall not affect the liability of Guarantor under this Guaranty. A revocation Lender receives from any one or more Guarantors shall not affect the liability of any remaining Guarantors under this Guaranty.

**GUARANTOR'S AUTHORIZATION TO LENDER.** Guarantor authorizes Lender, **without notice or demand and without lessening Guarantor's liability under this Guaranty,** from time to time: (A)   to make one or more additional secured or unsecured loans to Borrower, to lease equipment or other goods to Borrower, or otherwise to extend additional credit to Borrower;   (B)   to alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of the Indebtedness or any part of the Indebtedness, including increases and decreases of the rate of interest on the Indebtedness; extensions may be repeated and may be for longer than the original loan term;   (C)   to take and hold security for the payment of this Guaranty or the Indebtedness, and exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any such security, with or without the substitution of new collateral;   (D)   to release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose;   (E)   to determine how, when and what application of payments and credits shall be made on the Indebtedness;   (F)   to apply such security and direct the order or manner of sale thereof, including without limitation, any nonjudicial sale permitted by the terms of the controlling security agreement or deed of trust, as Lender in its discretion may determine;   (G)   to sell, transfer, assign or grant participations in all or any part of the Indebtedness; and   (H)   to assign or transfer this Guaranty in whole or in part.

**GUARANTOR'S REPRESENTATIONS AND WARRANTIES.** Guarantor represents and warrants to Lender that   (A)   no representations or agreements of any kind have been made to Guarantor which would limit or qualify in any way the terms of this Guaranty;   (B)   this Guaranty is executed at Borrower's request and not at the request of Lender;   (C)   Guarantor has full power, right and authority to enter into this Guaranty;   (D)   the provisions of this Guaranty do not conflict with or result in a default under any agreement or other instrument binding upon Guarantor and do not result in a violation of any law, regulation, court decree or order applicable to Guarantor;   (E)   Guarantor has not and will not, without the prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein;   (F)   upon Lender's request, Guarantor will provide to Lender financial and credit information in form acceptable to Lender, and all such financial information which currently has been, and all future financial information which will be provided to Lender is and will be true and correct in all material respects and fairly present Guarantor's financial condition as of the dates the financial information is provided;   (G)   no material adverse change has occurred in Guarantor's financial condition since the date of the most recent financial statements provided to Lender and no event has occurred which may materially adversely affect Guarantor's financial condition;   (H)   no litigation, claim, investigation, administrative proceeding or similar action (including those for unpaid taxes) against Guarantor is pending or threatened;   (I)   Lender has made no representation to Guarantor as to the creditworthiness of Borrower; and   (J)   Guarantor has established adequate means of obtaining from Borrower on a continuing basis information regarding Borrower's financial condition. Guarantor agrees to keep adequately informed from such means of any facts, events, or circumstances which might in any way affect Guarantor's risks under this Guaranty, and Guarantor further agrees that, absent a request for information, Lender shall have no obligation to disclose to Guarantor  any information or documents acquired by Lender in the course of  its relationship with Borrower.

**GUARANTOR'S WAIVERS.** Except as prohibited by applicable law, Guarantor waives any right to require Lender   (A)   to continue lending money or to extend other credit to Borrower;   (B)   to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the Indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Indebtedness or in connection with the creation of new or additional loans or obligations;   (C)   to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor;   (D)   to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person;   (E)   to give notice of the terms, time, and place of any public or private sale of personal property security held by Lender from Borrower or to comply with any other applicable provisions of the Uniform Commercial Code;   (F)   to pursue any other remedy within Lender's power; or   (G)   to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever.

Guarantor also waives any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of   (A)   any "one action" or "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action,

EXHIBIT E
page 1



# COMMERCIAL GUARANTY
**Loan No: 57823**        **(Continued)**        **Page 2**

either judicially or by exercise of a power of sale; (B) any election of remedies by Lender which destroys or otherwise adversely affects Guarantor's subrogation rights or Guarantor's rights to proceed against Borrower for reimbursement, including without limitation, any loss of rights Guarantor may suffer by reason of any law limiting, qualifying, or discharging the Indebtedness; (C) any disability or other defense of Borrower, of any other guarantor, or of any other person, or by reason of the cessation of Borrower's liability from any cause whatsoever, other than payment in full in legal tender, of the Indebtedness; (D) any right to claim discharge of the Indebtedness on the basis of unjustified impairment of any collateral for the Indebtedness; (E) any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding Indebtedness which is not barred by any applicable statute of limitations; or (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness. If payment is made by Borrower, whether voluntarily or otherwise, or by any third party, on the Indebtedness and thereafter Lender is forced to remit the amount of that payment to Borrower's trustee in bankruptcy or to any similar person under any federal or state bankruptcy law or law for the relief of debtors, the Indebtedness shall be considered unpaid for the purpose of the enforcement of this Guaranty.

Guarantor further waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Borrower, the Guarantor, or both.

**GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS.** Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

**SUBORDINATION OF BORROWER'S DEBTS TO GUARANTOR.** Guarantor agrees that the Indebtedness, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness. Guarantor does hereby assign to Lender all claims which it may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to Guarantor shall be marked with a legend that the same are subject to this Guaranty and shall be delivered to Lender. Guarantor agrees, and Lender is hereby authorized, in the name of Guarantor, from time to time to file financing statements and continuation statements and to execute documents and to take such other actions as Lender deems necessary or appropriate to perfect, preserve and enforce its rights under this Guaranty.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Guaranty:

**Amendments.** This Guaranty, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Guaranty. No alteration of or amendment to this Guaranty shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

**Caption Headings.** Caption headings in this Guaranty are for convenience purposes only and are not to be used to interpret or define the provisions of this Guaranty.

**Governing Law. This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Kentucky without regard to its conflicts of law provisions.**

**Choice of Venue.** If there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of Pulaski County, Commonwealth of Kentucky.

**Integration.** Guarantor further agrees that Guarantor has read and fully understands the terms of this Guaranty; Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty; the Guaranty fully reflects Guarantor's intentions and parol evidence is not required to interpret the terms of this Guaranty. Guarantor hereby indemnifies and holds Lender harmless from all losses, claims, damages, and costs (including Lender's attorneys' fees) suffered or incurred by Lender as a result of any breach by Guarantor of the warranties, representations and agreements of this paragraph.

**Interpretation.** In all cases where there is more than one Borrower or Guarantor, then all words used in this Guaranty in the singular shall be deemed to have been used in the plural where the context and construction so require; and where there is more than one Borrower named in this Guaranty or when this Guaranty is executed by more than one Guarantor, the words "Borrower" and "Guarantor" respectively shall mean all and any one or more of them. The words "Guarantor," "Borrower," and "Lender" include the heirs, successors, assigns, and transferees of each of them. If a court finds that any provision of this Guaranty is not valid or should not be enforced, that fact by itself will not mean that the rest of this Guaranty will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Guaranty even if a provision of this Guaranty may be found to be invalid or unenforceable. If any one or more of Borrower or Guarantor are corporations, partnerships, limited liability companies, or similar entities, it is not necessary for Lender to inquire into the powers of Borrower or Guarantor or of the officers, directors, partners, managers, or other agents acting or purporting to act on their behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Guaranty.

**Notices.** Any notice required to be given under this Guaranty shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Guaranty. Any party may change its address for notices under this Guaranty by giving formal written

EXHIBIT · E
page 2



# COMMERCIAL GUARANTY
## (Continued)

**Loan No: 57823**     **Page 3**

notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Guarantor agrees to keep Lender informed at all times of Guarantor's current address. Unless otherwise provided or required by law, if there is more than one Guarantor, any notice given by Lender to any Guarantor is deemed to be notice given to all Guarantors.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Guaranty unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Guaranty shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Guaranty. No prior waiver by Lender, nor any course of dealing between Lender and Guarantor, shall constitute a waiver of any of Lender's rights or of any of Guarantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Guaranty, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Guaranty on transfer of Guarantor's interest, this Guaranty shall be binding upon and inure to the benefit of the parties, their successors and assigns.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Guaranty. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Guaranty shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Borrower.** The word "Borrower" means LOGAN E. VIERS and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Guarantor.** The word "Guarantor" means everyone signing this Guaranty, including without limitation JAMES ALLEN GIRDLER, and in each case, any signer's successors and assigns.

**Guaranty.** The word "Guaranty" means this guaranty from Guarantor to Lender.

**Indebtedness.** The word "Indebtedness" means Borrower's indebtedness to Lender as more particularly described in this Guaranty.

**Lender.** The word "Lender" means CUMBERLAND SECURITY BANK, its successors and assigns.

**Note.** The word "Note" means the promissory note dated February 23, 2018, in the original principal amount of $25,000.00 from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION TITLED "DURATION OF GUARANTY". NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. THIS GUARANTY IS DATED FEBRUARY 23, 2018.**

GUARANTOR:

X _____
**JAMES ALLEN GIRDLER**

LaserPro, Ver. 17.4.21.005 Copr. D + H USA Corporation 1997, 2018. All Rights Reserved. - KY C:\DHMCFR\LPL\E20.FC TR-1867 PR-19

*EXHIBIT E*
*page 3*